UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD BURGER,

       Plaintiff,

v.                                                                     Case No. 10-15053
                                                                    Honorable Patrick J. Duggan

IDIDIT, INC.,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR RECONSIDERATION

On December 20, 2010, Plaintiff Harold Burger ("Plaintiff") filed this lawsuit against his former employer, Ididit, Inc. ("Ididit"), alleging that he was unlawfully terminated based on his sex and in retaliation for his complaints about sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. Ididit subsequently filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which this Court granted in part and denied in part in an opinion and order entered October 17, 2011. The Court found a genuine issue of material fact with respect to whether Ididit unlawfully chose Plaintiff for termination based on his sex but found that Plaintiff failed to demonstrate his claims for retaliation.

Presently before the Court is Ididit's motion for reconsideration with respect to that decision, filed pursuant to Eastern District of Michigan Local Rule 7.1 on October 31, 2011. On November 1, 2011, this Court issued a notice informing the parties that it would permit Plaintiff to submit a response to Defendant's motion if Plaintiff wished to

do so. Plaintiff filed a response on November 15, 2011.

Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*.

In its motion for reconsideration, Ididit argues that the Court failed to apply "the well-established standard for determining whether there is a factual issue of pretext as set forth in *Bender v. Hecht's Department Store*, 455 F.3d 612 (6th Cir. 2006) . . . ." (Def.'s Mot. at 1-2.) More specifically, Ididit argues that (1) Plaintiff presented little or no probative evidence of discrimination and, therefore (2) he had to demonstrate that his qualifications were "so significantly better than the successful applicant's qualifications that no reasonable employer would have chosen the latter applicant over the former." (Def.'s Br. in Supp. of Mot. at 5, citing *Bender*, 455 F.3d at 627.) Ididit contends that the evidence failed to show that Plaintiff was a significantly better employee than Kellie Weaver– the sales representative who Ididit chose to retain over him.

The Sixth Circuit Court of Appeals' decision in *Bender* did not alter the burden-shifting test that courts must apply where direct evidence of discrimination is lacking. *See Bender*, 455 F.3d at 620 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817 (1973)). *Bender* also did not change the methods available to a plaintiff to demonstrate that the legitimate reasons offered by the defendant were simply a

2

pretext for discrimination: "'by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Id.* at 624 (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003)). Ididit fails to demonstrate that this Court misapplied the applicable analysis.

Unlike *Bender*, this was not a case where Plaintiff relied solely on his alleged superior qualifications to demonstrate pretext. Plaintiff put forth evidence to demonstrate a genuine issue of material fact with respect to whether Ididit's proffered reason for retaining Weaver instead of him– i.e., her alleged superior sales abilities– had a basis in fact. Plaintiff further raised a question of fact as to whether Ididit's proffered reason for selecting Weaver was a pretext for sex discrimination by presenting evidence of at least two additional facts. First, that individuals within the company– including a supervisor and a human resources officer– believed that the decision-maker favored female employees. Second, that the company followed a different procedure in eliminating Plaintiff's position than it did when choosing who to eliminate in its manufacturing section and that if the same method had been followed (i.e. asking the supervisors in the area which employees should be retained) that they would have selected Plaintiff.

As such, the Court concludes that it did not commit a palpable defect in finding a genuine issue of material fact precluding summary judgment in Ididit's favor on Plaintiff's sex discrimination claims.

Accordingly,

**IT IS ORDERED**, that Defendant Ididit Inc.'s motion for reconsideration is

**DENIED**.

Date:  November 28, 2011               s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
David M. Blanchard, Esq.
Edward A. Macey, Esq.
C. Philip Baither III, Esq.